UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDOLFO CHAVEZ, | No. 2:24-cv-0808 DAD DB PS |
| Plaintiff, | |
| v. | ORDER TO SHOW CAUSE |
| LEAH CHAVEZ, | |
| Defendant. | |

Defendant, Leah Chavez, is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). On March 15, 2024, defendant commenced this action by filing a notice of removal of an action from the San Joaquin County Superior Court and by paying the applicable filing fee. (ECF No. 1.) The notice of removal asserts that this court has federal question jurisdiction over this action. (Id. at 2.)

Jurisdiction is a threshold inquiry that must precede the adjudication of any case before the district court. Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988). Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" Casey v. Lewis,

1

4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)).

Lack of subject matter jurisdiction may be raised by the court at any time during the proceedings. Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996). A federal court "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999). It is the obligation of the district court "to be alert to jurisdictional requirements." Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593 (2004). Without jurisdiction, the district court cannot decide the merits of a case or order any relief. See Morongo, 858 F.2d at 1380.

The basic federal jurisdiction statutes are 28 U.S.C. §§ 1331 and 1332, which confer "federal question" and "diversity" jurisdiction, respectively.[1] Federal jurisdiction may also be conferred by federal statutes regulating specific subject matter.

Here, defendant alleges that a "federal question arose on March 5, 2024," when plaintiff's "agent" served defendant with notice that defendant's health insurance had been terminated "revealing a federal question regarding [defendant's] heath care termination due to" the parties' "marriage dissolution." (Not. Rem. (ECF No. 1) at 2.) However, "the existence of federal jurisdiction depends solely on the plaintiff's claims for relief[.]" ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality, 213 F.3d 1108, 1113 (9th Cir. 2000). Defendant appears to be attempting to remove to this court the parties' marital dissolution. (ECF No. 1 at 69.) "[F]ederal courts have no jurisdiction over suits for divorce or the allowance of alimony." Ankenbrandt v. Richards, 504 U.S. 689, 693 (1992). In this regard, it appears that the court lacks subject matter jurisdiction over this action.

////
////
////
////

---

[1] Because both parties are alleged to be citizens of California diversity jurisdiction would not be applicable here.

Accordingly, IT IS HEREBY ORDERED that within fourteen days of the date of this order plaintiff shall show cause in writing as to why this action should not be remanded back to the San Joaquin County Superior Court due to a lack of subject matter jurisdiction.

Dated: May 22, 2024

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/chavez0808.jx.osc

3