UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDOLFO CHAVEZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LEAH CHAVEZ,<br><br>　　　　Defendant. | No. 2:24-cv-0808-DC-SCR<br><br><u>FINDINGS AND RECOMMENDATION</u> |

      The parties are proceeding pro se in this action, which was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  On March 15, 2024, Defendant commenced this action by filing a notice of removal of an action from the San Joaquin County Superior Court and by paying the applicable filing fee.  ECF No. 1.  The notice of removal asserts that this court has federal question jurisdiction over this action.  *Id.* at 2.  On May 23, 2024, this Court issued an Order to Show Cause why this action should not be remanded back to state court due to lack of subject matter jurisdiction.  ECF No. 9.  Defendant filed a response.  ECF No. 10.  Upon consideration of the response, this Court finds that it lacks subject matter jurisdiction and recommends that the matter be remanded to state court.

      Jurisdiction is a threshold inquiry that must precede the adjudication of any case before the district court.  *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988).  Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375,

377 (1994); *Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992).  It is "presume[d] that federal courts lack jurisdiction unless the contrary appears affirmatively from the record." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006) (quoting *Renne v. Geary*, 501 U.S. 312, 316 (1991)).

Lack of subject matter jurisdiction may be raised by the court at any time during the proceedings.  *Attorneys Trust v. Videotape Computer Prods., Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).  A federal court "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction." *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999).  It is the obligation of the district court "to be alert to jurisdictional requirements." *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 593 (2004).  Without jurisdiction, the district court cannot decide the merits of a case or order any relief. *See Morongo Band of Mission Indians*, 858 F.2d at 1380.

The basic federal jurisdiction statutes are 28 U.S.C. §§ 1331 and 1332, which confer "federal question" and "diversity" jurisdiction, respectively.[1]  Federal jurisdiction may also be conferred by federal statutes regulating specific subject matter.  The removal statute, 28 U.S.C. § 1441, is strictly construed against removal jurisdiction.  *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010).

Here, Defendant alleges that a "federal question arose on March 5, 2024," when Plaintiff's "agent" served Defendant with notice that Defendant's health insurance had been terminated "revealing a federal question regarding [defendant's] heath care termination due to" the parties' "marriage dissolution."  ECF No. 1 at 2.  However, "the existence of federal jurisdiction depends solely on the plaintiff's claims for relief[.]" *ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000).  Defendant appears to be attempting to remove to this court the parties' marital dissolution case.  ECF No. 1 at 69.  "[F]ederal courts

---

[1] Defendant does not argue there is diversity jurisdiction and both parties appear to be citizens of California. *See also* 28 U.S.C. § 1441(b)(2) ("A civil action removable solely on the basis of jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

have no jurisdiction over suits for divorce or the allowance of alimony." *Ankenbrandt v. Richards*, 504 U.S. 689, 693 (1992).  It also appears that the dissolution action proceeded to judgment in the trial court, and that judgment was affirmed by the state appellate court on April 18, 2022.  ECF No. 1 at 73-75.  The California Supreme Court denied review.  ECF No. 1 at 77.  This court lacks jurisdiction to review the final judgment of the state court.  *See Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) ("Under *Rooker-Feldman*, a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court.").

Defendant's response to the Order to Show Cause does not establish that the Court has jurisdiction, or that removal was proper.  Defendant states the dissolution proceeding commenced in August 2013, more than 10 years prior to removal to this Court.  ECF No. 10 at 2.  Defendant's response also confirms what appeared from the notice of removal – that the parties' marital status was terminated in 2019, affirmed on appeal, and the California Supreme Court denied review.  ECF No. 10 at 2.  The response further states that Defendant previously attempted to remove this action, it was remanded, and the Ninth Circuit Court of Appeals affirmed the remand.  *Id.* at 3.  In affirming, the Ninth Circuit stated: "The district court properly sua sponte remanded this action to state court for lack of subject matter jurisdiction because Leah Chavez failed to establish federal question jurisdiction."[2]  Defendant also appears to argue that she has federal statutory claims concerning a denial of health insurance that occurred in October 2023.  ECF No. 10 at 3.  Whether or not Defendant could conceivably file a new federal complaint alleging statutory violations, these events in 2023 are not a basis for removing her marital dissolution proceeding which was filed in 2013 and concluded in 2022.

"The strong presumption against removal jurisdiction" means that "the court resolves all ambiguity in favor of remand to state court."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).  That is, federal jurisdiction over a removed case "must be rejected if there is any doubt as to the right of removal in the first instance."  *Geographic Expeditions*, 599 F.3d at 1107.  "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction,

---

[2] The Ninth Circuit's memorandum disposition for Case No. 22-16352 can be found in the District Court's file in 2:22-cv-01431-TLN-KJN at ECF No. 11.

the case shall be remanded." 28 U.S.C. § 1447(c); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 932 (9th Cir. 2001). Remand under 28 U.S.C. § 1447(c) "is mandatory, not discretionary." *Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997); *see also California ex. rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). Where it appears, as it does here, that the district court lacks subject matter jurisdiction over a removed case, "the case shall be remanded." 28 U.S.C. § 1447(c).

Here, Defendant has not shown that removal of this action to federal court is appropriate. Defendant appears to be attempting to remove a state marital dissolution proceeding, a matter of state family law that appears to have already proceeded to final judgment in state court. Defendant has failed to properly invoke this court's jurisdiction. Remand of this case to the San Joaquin County Superior Court is appropriate and mandatory. 28 U.S.C. § 1447(c); *Geographic Expeditions*, 559 F.3d at 1107; *Bruns*, 122 F.3d at 1257.

Accordingly, IT IS HEREBY RECOMMENDED:

1. That this action be remanded forthwith to the San Joaquin County Superior Court, pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction;
2. Defendant's request for e-filing access (ECF No. 2) be denied as rendered moot by remand of the action to state court; and
3. The Clerk of Court close this file.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, either party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 4, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE